IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KESHAWN FREEMAN, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No: 1:23-cv-01423-CSB-EIL |
| JAMES DAWSON, et al., | ) ) ) |
| Defendants. | ) |

**JAMES DAWSON'S AND PRECISE SPECIALTIES, INC.'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

NOW COME Defendants, JAMES DAWSON (hereinafter "Dawson") and PRECISE SPECIALTIES, INC. (hereinafter "Precise Specialties"), by and through their attorneys, BRIAN J. RIORDAN and CLAUSEN MILLER P.C., and pursuant to Fed. R. Civ. P. 10(b), hereby submit this Motion to Dismiss Plaintiffs' Complaint, and respectfully states as follows:

**BACKGROUND**

1. Plaintiffs – Herbie McBride, Raynada Jones, Keshawn Freeman, Darcell Prince, Mario Froylan, and James Hughes – allege that Dawson sexually assaulted them while performing ultrasounds on them at the Illinois River Correctional Facility in Canton, Illinois. *See* **Complaint, ¶ 5, [Dkt. 1].**

2. The Plaintiffs allege a series of a claims against the Defendants – Dawson, Cherryle Hinthorne, Wexford Health Services, Inc. ("Wexford"), Precise Specialties, Unknown Wexford Employees, Unknown Illinois Department of Corrections Employees, and the State of Illinois. *See Id.* **at pg. 1.**

3. Plaintiffs' allegations arise from separate ultrasound appointments ranging from summer 2021 to early 2022. *See Id.*

4. Plaintiffs' Complaint contains five counts: "Count I – Claims Pursuant to 42 U.S.C. § 1983 Violations of the Eighth Amendment" *Id.* at ¶ 31 – 35; "Count II – State Law Claim: Intentional Infliction of Emotional Distress" *Id.* at ¶ 36 – 41; "Count III – State Law Claim: Sexual Battery" *Id.* at ¶ 42 – 47; "Count IIII [sic] – State Law Claim: Negligence" *Id.* at ¶ 48 – 53; "Count V – State Law Claim: Indemnification" *Id.* at ¶ 54 – 57.

5. The prayer for relief under Count I contains all of the Plaintiffs praying for relief against all of the Defendants.  *See Id.* **at pg. 6-7.**

6. Counts II and III appears to be alleged by all Plaintiffs against Dawson, Precise Specialties, and Wexford. *See Id.* **at pg. 7.**

7. Count IV appears to be alleged by all Plaintiffs against Wexford. *See Id.* **at pg. 8.**

8. Count V is alleged by all Plaintiffs, and it appears to be against the State of Illinois. *See Id.* **at pg. 8-9.**

9. Dawson and Precise Specialties now move to dismiss the Complaint for failing to comply with Fed. R. Civ. P. 10(b) (hereinafter "Rule 10(b)"), which makes it exceedingly difficult for Dawson and Precise Specialties to file a responsive pleading.

10. Dawson and Precise Specialties hereby incorporate **James Dawson's and Precise Specialties, Inc.'s Memorandum in Support of their Motion to Dismiss Plaintiffs' Complaint** as though fully set forth herein.

10331249.1

**STANDARD OF REVIEW**

11. A motion under Rule 10(b) is "designed to correct inartistic pleadings, enforce the separate paragraph rules, or correct an ambiguous complaint . . . ." *Mishra v. Tandon*, No. 12 C 50390, 2013 U.S. Dist. LEXIS 32552, at *7 (N.D. Ill. Mar. 8, 2013) (internal citation omitted).

12. "Dismissal of the complaint for failure to comply with the [Rule 10(b) is] . . . within the court's discretion." *Bautista v. Los Angeles County,* 216 F.3d 837, 841 (9th Cir. 2000) (internal citation omitted).

**ARGUMENT**

13. Rule 10(b) "provides that 'each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense' if doing so would 'promote clarity.'" *Quezada v. Pfister*, No. 16-cv-5058, 2017 U.S. Dist. LEXIS 232340, at *3 (N.D. Ill. July 21, 2017) (*quoting* Fed. R. Civ. P. 10(b)); (*also quoting Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011)).

14. Despite each allegation of sexual assault constituting a separate transaction or occurrence, and each Defendants' liability being separate and distinct as a matter of law, Plaintiffs have lumped all of their claims together in the each of the Counts and have also lumped all Defendants together in Count I, and multiple Defendants together in the successive Counts.

15. Given the above, the Complaint violates Rule 10(b) and should be dismissed.

10331249.1

WHEREFORE, James Dawson and Precise Specialties, Inc. request this Court grant their Motion to Dismiss, and dismiss Plaintiffs' Complaint for failing to comply with Rule 10(b), and to direct Plaintiffs to comply with Rule 10(b) and all the Federal Rules of Civil Procedure in any amended complaint that they may file, and for any further relief as this Court deems just and proper.

                                          CLAUSEN MILLER P.C.

By:   */s/ Brian J. Riordan*
       BRIAN J. RIORDAN (#6237969)
       CLAUSEN MILLER P.C.
       10 South LaSalle Street
       Chicago, Illinois 60603-1098
       Tel: 312-855-1010
       Fax: 312-606-7777
       briordan@clausen.com
       Attorneys for Defendants
       James Dawson and Precise Specialties, Inc.

## CERTIFICATE OF SERVICE

I certify that on November 30, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to All Parties of Record.

CLAUSEN MILLER P.C.

By: */s/ Brian J. Riordan*
BRIAN J. RIORDAN (#6237969)
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
Tel: 312-855-1010
Fax: 312-606-7777
briordan@clausen.com
Attorneys for Defendants
James Dawson and Precise Specialties, Inc.

10331249.1