051778/21723/MHW/JJL

**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KSHAWN FREEMAN, et al.<br><br>            Plaintiffs,<br>v.<br><br>JAMES DAWSON, et al.<br><br>            Defendants. | Case Number 23-cv-04250<br><br>Hon. Colin S. Bruce<br><br>Magistrate Judge Eric I. Long |

**WEXFORD HEALTH SOURCES, INC.'S, FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS COUNTS II, III, AND IV OF PLAINTIFFS' COMPLAINT**

NOW COMES Defendant, WEXFORD HEALTH SOURCES, INC., by and through its attorneys, MATTHEW H. WELLER, JOSEPH J. LOMBARDO, and CHAD SKARPIAK of CASSIDAY SCHADE LLP, and pursuant to Fed. R. Civ. P., 12(b)(6), moves to dismiss Counts II, III, and IV of Plaintiff's Complaint (ECF #1). In support thereof, Defendant states as follows:

**INTRODUCTION**

Plaintiffs, KEYSHAWN FREEMAN, REYNADA JONES, HERBIE MCBRIDE, MARIO FROYLAN, DARCELL PRINCE, and JAMES HUGHES, through their retained counsel, filed a five-count Complaint bringing both federal and state law claims against the Defendants. In their Complaint, Plaintiffs allege that sonographer, Defendant, JAMES DAWSON ("Dawson"), sexually assaulted them at Illinois River Correctional Center from the "summer of 2021" to "early 2022". (ECF #1 at ¶ 4-5). Plaintiffs allege that Dawson was either the owner or employee of Defendant, Precise Specialties. *Id.* at ¶ 3). Plaintiffs further allege that the Illinois Department of Corrections ("IDOC") and/or Wexford Health Sources, Inc. ("Wexford") contracted with Precise Specialties to perform scheduled sonogram examinations at prisons through the IDOC. *Id.*

In Count I, Plaintiffs bring a claim for violation of his Eight Amendment rights pursuant to 42 U.S.C. § 1983 against all Defendants. *Id.* at ¶¶ 31-35. In Count II, Plaintiffs plead a state law

claim for intentional infliction of emotional distress ("IIED"). *Id.* at ¶¶ 36-41. In Count III, Plaintiffs allege a state law claim for sexual battery. *Id.* at ¶¶ 42-47. Count IV is a state law negligence claim. *Id.* at ¶¶ 48-53. Count V is a state law indemnification claim against the IDOC and is not directed at Wexford.

Counts II, III, and IV of the Complaint fail as a matter of law as to Wexford. In regard to Counts II and III, the sole theory of liability against Wexford is *respondeat superior* for the alleged sexual abuse committed by Dawson. However, even if an agency relationship existed, it is well-established that acts of sexual assault are outside the scope of employment. In regard to Count IV, Plaintiffs' allegations against Wexford are fatally vague as it is unclear whether they are bringing a direct negligence claim against Wexford or a claim against Wexford based upon *respondeat superior*. Consequently, Count IV fails to meet the notice pleadings requirement established by the Supreme Court in *Twombly, Iqbal*, and their progeny. Thus, Counts II, III, and IV of the Complaint should be dismissed as to Wexford.

## ARGUMENT

### A. Counts II and III Should Be Dismissed Because Wexford Cannot Be Held Vicariously Liable for the Alleged Sexual Assault of Dawson and/or Precise Specialties

In Count II, Plaintiffs assert a state law claim for IIED. In support of this claim, Plaintiffs allege that Dawson sexually abused him and that this conduct was "extreme and outrageous." *Id.* at ¶¶ 37-38. Plaintiffs further allege that "Wexford is liable for these torts as the employer/master of Dawson and/or Precise Specialties." *Id.* at ¶ 40. In Count III, Plaintiffs assert a state law claim for sexual battery. Specifically, Plaintiffs allege that "Dawson did in fact have non-consensual sexual contact with each of the plaintiffs." *Id.* at ¶ 44. As in Count II, Plaintiffs allege that Wexford is vicariously liable for the conduct of Dawson in Count III. *Id.* at ¶ 46.

Based upon Plaintiff's allegations in Counts II and III, the sole theory of liability against Wexford is that it is vicariously liable for the conduct of its alleged agents, Dawson and Precise Specialties. As an initial matter, Wexford denies that an agency relationship existed between it and Dawson and/or Precise Specialties. Notwithstanding, even if it did, Plaintiff's claims against Wexford, as set forth in Counts II and III, fail as a matter of law because it is well-established that acts of sexual assault are outside the scope of employment. *Deloney v. Board of Educ.*, 281 Ill. App. 3d 775, 783-784 (Ill. 1st Dist. 1996)("sexual abuse, by its very nature, precludes a conclusion that it was committed within the scope of employment"…"'scope of employment' excludes conduct by an employee that is solely for the benefit of the employee."; <u>See also</u> *Gambling v. Cornish,* 426 F. Supp. 1153 (N.D. Ill. 1977) (sexual assault by police officer outside scope of employment; no vicarious liability by employer); *Randi F. v. High Ridge YMCA,* 170 Ill. App. 3d 962, 524 N.E.2d 966, 120 Ill. Dec. 784 (1988) (sexual assault of child by day-care teacher is deviation from scope of employment); *Bates v. Doria,* 150 Ill. App. 3d 1025; 502 N.E.2d 454, 104 Ill. Dec. 191 (1986) (sexual assault outside scope of authority; no vicarious liability); *Webb v. Jewel Cos.,* 137 Ill. App. 3d 1004, 485 N.E.2d 409, 92 Ill. Dec. 598 (1985) (sexual molestation outside scope of employment; no vicarious liability);

Because Plaintiff's IIED and Sexual Battery Claims are premised on the sexual abuse that was allegedly carried out by Dawson, and the sole theory of liability against Wexford for these claims is that Dawson was its agent, Counts II and III must be dismissed as to Wexford because Dawson was not acting within the scope of his employment during the commission of these alleged assaults.

### B. Count IV Should Be Dismissed Because It Fails to Put Wexford on Notice of Whether Plaintiffs Are Asserting a Direct Negligence Claim or a *Respondeat Superior* Claim

The purpose of a motion to dismiss is not to determine whether a plaintiff will ultimately succeed on his claims, but whether the complaint sufficiently asserts facts which, when accepted as true, state a valid and plausible claim for relief. *Ashcroft v. Iqbal,* 556 US 662, 678 (2009). Under the notice pleading standard of Federal Rule of Civil Procedure 8(a)(2), a complaint must present more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. V. Twomply,* 550 U.S. 544, 555 (2007). The complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *E.E.O.C. v. Concerntra Health Services, Inc.,* 496 F.3d 773, 776-77 (7th Cir. 2007).

Count IV is a state law negligence claim. Plaintiffs' allegations in support of Count IV are that "Wexford and the Unknown Wexford Employees breached the duty of care by failing to take reasonable steps to protect prisoners, including Plaintiffs, from sexual assault." (ECF #1 at ¶ 50). Plaintiff further alleges, "[i]f Wexford and the Unknown Wexford employees had intervened as is their duty, and taken steps to prevent sexual assault, the Plaintiffs would not have suffered their injuries." (ECF #1 at ¶ 51). In addition, Plaintiff asserts "Wexford and Unknown Wexford Employees could reasonably see that their failures to act would result in Plaintiff's injuries, considering the risks of sexual assault in prison and their failures to do anything to prevent it." (ECF #1 at ¶ 52).

Count IV does not contain any allegations indicating that Wexford is being named as a Defendant because it is vicariously liable for the conduct of its purported "Unknown Employees." Moreover, Plaintiffs do not make any allegations in Count IV, or anywhere else in the Complaint, that describe how Wexford was institutionally negligent. Thus, Plaintiffs' claim for negligence against Wexford fails as a matter of law because it is too vague and ambiguous to put Wexford on

notice as to whether they are pursuing a direct claim against said Defendant for institutional negligence; or, if they a pursuing a claim against Wexford based upon vicarious liability of its purported "Unknown Employees." Consequently, pursuant to the notice pleading standards set forth in *Twombly, Iqbal,* and their progeny, Count IV should be dismissed as a matter of law.

WHEREFORE, Defendant, WEXFORD HEALTH SOURCES, INC., respectfully requests that this Honorable Court dismiss Counts II, III, and IV of Plaintiffs' Complaint as to this Defendant.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ *Chad M. Skarpiak*
    One of the Attorneys for Defendant,
    WEXFORD HEALTH SOURCES, INC.

Matthew H. Weller/ARDC No. 6278685
Joseph J. Lombardo/ARDC No. 6306466
Chad M. Skarpiak/ARDC No. 6304021
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax
mweller@cassiday.com
jlombardo@cassiday.com
cskarpiak@cassiday.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 30, 2023, I electronically filed the foregoing document with the clerk of the court for the Central District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

                                                     /s/ Chad M. Skarpiak

11638676