IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEYSHAWN FREEMAN, REYNADA JONES, HERBIE MCBRIDE, MARIO FROYLAN, DARCELL PRINCE, and JAMES HUGHES, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:23-cv-01423-CSB-EIL |
| JAMES DAWSON; Illinois River Correctional Center Warden CHERRYLE HINTHORNE in her individual capacity; WEXFORD HEALTH SERVICES, INC.; PRECISE SPECIALITIES, INC; Unknown Wexford Employees; and Unknown Illinois Department of Corrections Employees, and the STATE OF ILLINOIS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiffs KEYSHAWN FREEMAN, REYNADA JONES, HERBIE MCBRIDE,

MARIO FROYLAN, DARCELL PRINCE, and JAMES HUGHES through their attorneys,

LOEVY & LOEVY, complaining of Defendants JAMES DAWSON, CHERRYLE

HINTHORNE, WEXFORD HEALTH SERVICES, INC., PRECISE SPECIALTIES, INC,

Unknown Wexford Employees, and Unknown Illinois Department of Corrections Employees,

state as follows:

### Factual Allegations

1.      This is an action pursuant to 42 U.S.C. § 1983 for the violation of Plaintiffs'

rights when they were sexually assaulted by Defendant James Dawson while incarcerated at

Illinois River Correctional Center in the Northern District of Illinois.

2.      Illinois River Correctional Center is one of the facilities run by the Illinois

Department of Corrections ("IDOC") that houses male inmates.

3.      James Dawson was a sonographer and owner of Precise Specialties, Inc., and was the company's final decisionmaker.  Alternatively, Dawson was an employee of Precise Specialties. Under contract with the IDOC and/or Wexford, Dawson and/or Precise Specialties performed scheduled sonogram examinations at prisons throughout the IDOC.

4.      The sonogram appointments at Illinois River left Mr. Dawson alone with his patients.  This gave Mr. Dawson the opportunity to engage in sexual abuse.

5.      During the sonogram appointments, the following occurred:

a.  In the summer of 2021, Mr. Dawson saw Plaintiff Herbie McBride for a medical appointment and sexually assaulted him.

b.  In early 2022, Mr. Dawson saw Plaintiff Raynada Jones for a medical appointment and sexually assaulted him.

c.  In early 2022, Mr. Dawson saw Plaintiff Keshawn Freeman for a medical appointment and sexually assaulted him.

d.  In early 2022, Mr. Dawson saw Plaintiff Darcell Prince for a medical appointment and sexually assaulted him.

e.  In early 2022, Mr. Dawson saw Plaintiff Mario Froylan for a medical appointment and sexually assaulted him.

f.  In early 2022, Mr. Dawson saw Plaintiff James Hughes for a medical appointment and sexually assaulted him.

6.      Each of the plaintiffs were unable to resist Mr. Dawson because of their status as prisoners, Mr. Dawson's status as staff, the power imbalance between prisoners and staff, and the danger of retaliation for complaining against Mr. Dawson.

7.      Taking advantage of this dynamic, Mr. Dawson sexually assaulted each of the Plaintiffs during their medical examinations and acted as though the assault was part of his medical exam.

8.      Mr. Dawson acted within the scope of his employment with Precise Specialties.

9.      Upon information and belief, Mr. Dawson had previously assaulted other prisoners and his behavior was considered an "open secret" among IDOC and Wexford staff.

10.     Each Plaintiff filed a grievance after they were assaulted.

11.     Several Illinois River correctional officers knew Mr. Dawson sexually assaulted patients and were aware of the victims' complaints and grievances but did nothing to stop the abuse.

12.     Defendant Warden Hithorne contracted with Wexford and its employees, oversaw its employees and contractors, and did nothing to prevent sexual assault to Illinois River prisoners, and failed to implement preventative measures such as nurses patrolling the medical unit hallways, requiring two or more medical treaters to attend appointments, structuring the medical unit so that someone could see into the medical exam rooms or hallways, requiring guards to be within sight of the medical unit, requiring the exam room doors to remain open, or timely investigating sexual assault rumors or complaints.

13.     There was no legitimate purpose for structuring the medical unit in such a manner and failing to implement preventative measures.

14.     Defendant Wexford did nothing to prevent sexual assault to Illinois River prisoners, and failed to implement preventative policies such as having nurses patrolling the medical unit hallways, requiring two or more medical treaters to attend appointments, structuring the medical unit so that someone could see into the medical exam rooms or hallways, requiring

guards to be within sight of the medical unit, requiring the exam room doors to remain open, or timely investigating sexual assault rumors or complaints.

15. There was no legitimate purpose for Wexford's failures to implement preventative measures.

16. Each of the Plaintiffs bring this action to compensate those who were victimized by these Defendants and, hopefully, to bring change.

## Jurisdiction and Venue

17. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 as each of the Plaintiffs assert claims under federal law and the state law claim arises out of the same facts as the federal claims.

18. Venue is proper under 28 U.S.C. § 1391(b) as the events giving rise to the claims in this case all occurred in this judicial district.

## Parties

19. Plaintiff KEYSAWN FREEMAN was incarcerated at Illinois River and was one of the men sexually assaulted by Defendant Dawson.

20. Plaintiff RAYNADA JONES was incarcerated at Illinois River and was one of the men sexually assaulted by Defendant Dawson.

21. Plaintiff HERBIE MCBRIDE was incarcerated at Illinois River and was one of the men sexually assaulted by Defendant Dawson.

22. Plaintiff MARIO FROYLAN was incarcerated at Illinois River and was one of the men sexually assaulted by Defendant Dawson.

23. Plaintiff DARCELL PRINCE was incarcerated at Illinois River and was one of the men sexually assaulted by Defendant Dawson.

24.     Plaintiff JAMES HUGHES was incarcerated at Illinois River and was one of the men sexually assaulted by Defendant Dawson.

25.     Defendant WEXFORD HEALTH SOURCES, INC. ("Wexford") is a corporation headquartered in Pennsylvania and doing business in Illinois. Wexford contracts with the State of Illinois to provide healthcare at IDOC prisons throughout the state, including Illinois River.

26.     Illinois River Correctional Center is a medium security adult male correctional facility in Canton, Illinois, consisting of both a medium security and smaller maximum security facility. The mission of Illinois River as stated on the Illinois Department of Corrections website goes as follows: "The primary mission of Illinois River Correctional Center is to protect the public from criminal individuals in custody through a system of incarceration, supervision, programs and services designed to return appropriate individuals in custody to the community with skills and attitudes that will help them become useful and productive citizens."

27.     At all times relevant to the events at issue in this case, one or more as-yet Unknown IDOC employees were responsible for monitoring those at the prison, transporting prisoners to and from medical appointments, and investigating grievances. These as-yet Unknown Defendant IDOC Employees were employed by IDOC and, as such, were acting under color of law.

28.     At all times relevant to the events at issue in this case, Defendants JAMES DAWSON, and/or PRECISE SPECIALTIES, INC. were employed and/or contracted by Wexford and/or the IDOC and worked as medical treaters acting under color of law.

29.     At all times relevant to the events at issue in this case, Defendant WARDEN HINTHORNE was employed by the IDOC in the capacity of Warden of Illinois River Correctional Center. In this capacity, Defendant Hinthorne was acting under color of law.

30.    Each defendant knew of Mr. Dawson's sexual misconduct and/or the risk of sexual assault in one-on-one situations between prisoners and non-prisoners, considering the unbalance of power and the inability for prisoners to protect themselves.

31.    Mr. Dawson's scheme was to target prisoners as his sexual assault victims, including each of the Plaintiffs, capitalizing on the power imbalance in prison, and the victims' resulting inability to avoid and challenge his advances.

### Count I – Claims Pursuant to 42 U.S.C. § 1983
### Violations of the Eighth Amendment

32.    Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

33.    There was no valid penological justification for Defendants inflicting and/or exposing Plaintiffs to sexual assault.

34.    By inflicting and/or failing to prevent the sexual assaults, Defendants subjected each of the Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment.

35.    As a direct result of the express decisions and actions of each of the Defendants, each of the the Plaintiffs were subjected to sexual assaults that were demeaning, dehumanizing, humiliating, and traumatizing. Furthermore, Defendant WARDEN HINTHORNE and Unknown Illinois River and/or WEXFORD employees had supervisory responsibility to prevent and stop the sexual assaults and failed to do so.

36.    As a direct result of the express decisions and actions of each of the Defendants, each Plaintiff suffered physical harm and emotional distress from the sexual assaults.

WHEREFORE, Plaintiffs FREEMAN, JONES, MCBRIDE, FROYLAN, PRINCE, and HUGHES respectfully demand judgment in their favor, awarding costs, fees, attorneys' fees, actual damages, and any other appropriate relief against Defendants JAMES DAWSON, CHERRYLE HINTHORNE, WEXFORD HEALTH SERVICES, INC., PRECISE

SPECIALTIES, INC, Unknown Wexford Employees, and Unknown Illinois Department of Corrections Employees. Plaintiffs FREEMAN, JONES, MCBRIDE, FROYLAN, PRINCE, and HUGHES further demand an award of punitive damages against Defendants JAMES DAWSON, CHERRYLE HINTHORNE, WEXFORD HEALTH SERVICES, INC., PRECISE SPECIALTIES, INC, Unknown Wexford Employees, and Unknown Illinois Department of Corrections Employees.

### Count II – State Law Claim: Intentional Infliction of Emotional Distress

37.     Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

38.     Dawson's and/or Precise Specialties' acts of sexual abuse were done intentionally or recklessly.

39.     Said conduct was extreme and outrageous.

40.     Said conduct caused each of the plaintiffs to suffer severe emotional distress.

41.     Wexford is liable for these torts as the employer / master of Dawson and/or Precise Specialties.

42.     Precise Specialties is liable for these torts as the employer of Dawson.

### Count III – State Law Claim: Sexual Battery

43.     Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

44.     Dawson and/or Precise Specialties intended to engage in non-consensual sexual contact with each of the plaintiffs, to which each of the plaintiffs did not consent.

45.     Dawson did in fact have non-consensual sexual contact with each of the plaintiffs.

46.     As a proximate result of said sexual contact, each of the plaintiffs suffered mental harm.

47.     Wexford is liable for these torts as the employer / master of Dawson and/or Precise Specialties.

48.     Precise Specialties is liable for these torts as the employer of Dawson.

## Count IIII – State Law Claim: Negligence

49.     Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

50.     Wexford and the Unknown Wexford Employees owed a legal duty of care to each of the Plaintiffs as medical providers of the prisoners.

51.     Wexford and the Unknown Wexford Employees breached the duty of care by failing to take reasonable steps to protect prisoners, including each of the Plaintiffs, from sexual assault.

52.     Wexford and the Unknown Wexford Employees were the actual and proximate cause of each of the Plaintiffs' physical and emotional injuries. If Wexford and the Unknown Wexford Employees had intervened as is their duty, and taken steps to prevent sexual assault, none of the Plaintiffs would have suffered their injuries.

53.     Wexford and the Unknown Wexford Employees could reasonably see that their failures to act would result in Plaintiffs' injuries, considering the risks of sexual assault in prison and their failures to do anything to prevent it.

54.     Wexford and the Unknown Wexford Employees failed to do anything to prevent the assaults despite knowing the "open secret" that Dawson was repeatedly abusing his power and committing sexual assault against prisoners.

55.     Each of the Plaintiffs suffered physical and emotional damages as a result of Wexford and the Unknown Wexford Employees' negligence.

## Count V – State Law Claim: Indemnification

56.     Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

57.     By all of the above, Defendant WARDEN HINTHORNE and as-yet Unknown Illinois Department of Corrections Employees, committed actions and failures to act that subjected each of the Plaintiffs to the sexual assaults described above.

58.     These defendants' actions and omissions were taken within the scope of their employment for the Illinois Department of Corrections.

59.     Pursuant to 5 ILCS 350/2, the STATE OF ILLINOIS is therefore required to indemnify a judgment awarded in this case against Defendant WARDEN HINTHORNE and as-yet Unknown Illinois Department of Corrections Employees.

WHEREFORE, Plaintiffs KEYSHAWN FREEMAN, REYNADA JONES, HERBIE MCBRIDE, MARIO FROYLAN, DARCELL PRINCE, and JAMES HUGHES respectfully demand judgment in their favor, awarding costs, fees, attorneys' fees, actual damages, and any other appropriate relief against the STATE OF ILLINOIS.

## Jury Demand

Plaintiffs KEYSHAWN FREEMAN, REYNADA JONES, HERBIE MCBRIDE, MARIO FROYLAN, DARCELL PRINCE, and JAMES HUGHES respectfully demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ *Stephen Weil*
Attorneys for Plaintiffs

Arthur Loevy
Stephen Weil
Maria Makar
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Fl.
Chicago, IL 60607
(312) 243-5900