IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KESHAWN FREEMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No: 1:23-cv-01423-CSB-EIL |
| | ) |
| JAMES DAWSON, et al., | ) |
| | ) |
| Defendants. | ) |

**JAMES DAWSON'S REPLY IN SUPPORT OF THE**
**MOTION TO STAY PROCEEDINGS**

NOW COMES Defendant, JAMES DAWSON (hereinafter "Mr. Dawson"), by and through his attorney, BRIAN J. RIORDAN and CLAUSEN MILLER P.C., hereby submits James Dawson's Reply in Support of the Motion to Stay Proceedings, and respectfully states as follows:

**INTRODUCTION**

Given the overlap between criminal charges pending against Mr. Dawson and the subject matter of this case, Mr. Dawson filed his Motion to Stay Proceedings, Dkt. 52, due to the substantial risk of him having to invoke his Fifth Amendment right, and thus have an adverse inference drawn against him in this civil case. Plaintiffs filed their Response to Defendant James Dawson's Motion to Stay, Dkt. 54. The Plaintiffs "do not object to a stay in this case that relieves Defendant Dawson from the obligation of answering Plaintiffs' complaint or responding to discovery, until the criminal matters pending against Mr. Dawson are resolved (provided those matters are resolved within a reasonable period)." **Dkt. 54, p. 1.** So, there is no dispute that a stay should be entered as to Mr. Dawson until his criminal matters are resolved, assuming they are resolved within a reasonable time.

However, there is a dispute as to whether the proceedings should be stayed for a all Defendants, as Mr. Dawson argues, or whether the stay should just apply to Mr. Dawson, as

1

Plaintiffs argue. Given the facts and circumstances of this case, particularly the inclusion of the State of Illinois as a Defendant and the representation of at least one Defendant by the Illinois Attorney General, a stay of the entire proceeding is warranted.

## STANDARD OF REVIEW

To determine whether to grant a stay when presented with parallel criminal and civil trials, courts consider the following non-exhaustive factors: (1) whether the civil and criminal matters involve the same subject; (2) whether the governmental entity that has initiated the criminal case is also a party in the civil case; (3) the posture of the criminal proceeding; (4) the effect of granting or denying a stay on the public interest; (5) the interest of the plaintiff in proceeding expeditiously and the potential prejudice of a delay; and (6) the burden that any particular aspect of the civil case may impose on defendants if a stay is denied. *Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008).

## ARGUMENT

**I.    The Facts And Circumstances Of This Case Necessitate A Stay Of All Proceedings**

As laid out more fully in Mr. Dawson's Memorandum in Support of the Motion to Stay Proceedings, *see* **Dkt. 53, p. 4-5**, *Doe v. City of Chicago* presents the most factually similar fact pattern to the case at bar of any of the cases cited by Mr. Dawson or Plaintiffs. 360 F. Supp. 2d 880, (N.D. Ill. 2005). That case involved a police officer's alleged sexual assault on the plaintiff, and the plaintiff sued the offending officer, two other officers, and the City of Chicago. *Id*. at 881. The offending officer, facing criminal charges for the same conduct, sought a stay of the proceedings, while the plaintiff argued that the case should either not be stayed, or in the alternative, should only be stayed as to the offending officer. *Id.* The court disagreed with the plaintiff and decided to stay the entire case because "the alleged sexual assault is central to both

10789729.1

the civil and criminal cases and is closely related to the Plaintiff's claims against the City of Chicago as well as to the claims against [the other two officers]." *Id.*

Here, the alleged assaults by Mr. Dawson are similarly central to the Plaintiffs' claims against all of the Defendants beyond Mr. Dawson – Cherryle Hinthorne; Wexford Health Services, Inc.; Precise Specialties, Inc.; Unknown Wexford Employees; Unknown Illinois Department of Corrections Employees; and the State of Illinois. Further, Mr. Dawson's alleged sexual assaults are central to each of Plaintiffs' counts against those Defendants. Thus, given the central nature of Mr. Dawson's conduct to this case as a whole, as the court found in *Doe,* a stay for the entire proceeding is warranted.

Beyond *Doe,* the balance of the factors laid out above also demonstrate the necessity for a stay of the proceedings as whole.

(1) Relationship between Civil and Criminal Matters

There is no question that Mr. Dawson's criminal matter and this civil matter involve the same subject. However, Plaintiffs argue that courts look to the specific nature of the stay when considering this "overlap" factor, and thus argue there is some kind of bifurcation of the analysis between Mr. Dawson and the remainder of the Defendants. In this argument, Plaintiffs attempt to draw rules of law, most of which are not actual rules of law prescribed by the cited courts, from portions of decisions that have nothing to do with the analysis of this first factor. Plaintiffs first cite to *Gonzalez*, but the discussion they cite to relates to *Younger* abstention and does not support their argument about how court's consider the "overlap" factor. Plaintiffs next cite *Chagolla,* but they do not cite the portion of that decision that discusses the overlap factor, likely because the court found "[t]he close relationship between the civil and criminal matters weighs in favor of a stay." *Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 946 (N.D. Ill. 2008). Plaintiffs then cite *Reed-*

3

*Veal v. Encina,* but again not the relevant portion of the decision discussing the overlap factor, where the court found there was sufficient overlap to weigh in factor of a stay. *Reed-Veal v. Encina,* No. CVH-15-2232, 2016 WL 6915963, at *5-6. Plaintiffs' reliance on *Tuttle v. City of Houston* is misplaced as that decision involved a prosecutor's motion to intervene to stay a pending civil case, not a defendant's motion, so the same issues were not before the court. *See Tuttle v. City of Hous.*, No. 4:21-CV-270, 2021 U.S. Dist. LEXIS 122577, at *2 (S.D. Tex. June 9, 2021). Finally, Plaintiffs cite to *Martinez v. City of New York,* which actually does support Plaintiffs' bifurcation interpretation of the first factor. However, the decisions in *Doe, Chagolla,* and *Reed-Veal* on this factor all support Mr. Dawson's interpretation of the first factor, and thus, Mr. Dawson believes that is the proper interpretation of the first factor, and that the first factor weighs in favor of a stay for the entire proceeding.

(2) Government Involvement in both Civil and Criminal Proceedings

Unlike any of the cases relied on by Plaintiff in its Response, the governmental entity that initiated the parallel criminal prosecution against Mr. Dawson, the State of Illinois, is also a party in this case. "If the governmental entity that initiated the parallel criminal prosecution or investigation is a party in the civil case, there is a concern that it may use the civil discovery process to circumvent limitations on discovery in criminal proceedings." *Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 946 (N.D. Ill. 2008).

The State of Illinois is both the governmental entity that initiated the criminal prosecution and is also a named Defendant in this civil case. The Illinois Attorney General, the highest-ranking prosecutor in the State of Illinois, represents at least one of the named Defendants. So, this poses a major issue for Mr. Dawson, and weighs heavily in favor of a stay.

4

10789729.1

Plaintiffs seek to avoid this argument by using a different factor than the one listed above and by relying on cases that do not present the same issues present in this case. Plaintiffs use the "Whether the two actions are brought by the government" factor instead of the "whether the governmental entity that has initiated the criminal case is also a party in the civil case . . . ." *Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008). The factor from *Chagolla* makes far more sense in this context, because regardless of whether or not the government initiated these proceedings, the government still has every ability to use the civil discovery process to circumvent the limitations of the criminal discovery process. *Id.* at 946. Plaintiff or defendant makes no difference, the government has the same right to gather facts from other parties in the lawsuit.

Finally, Plaintiffs argue that Mr. Dawson has not put forth any evidence of cooperation between the Illinois Attorney General's Office and individual State's Attorney Offices. First, there is no way Mr. Dawson could possibly know the level of contact and cooperation between these offices in regard to this matter, so there was no way Mr. Dawson was going to make any factual assertions to the Court in that regard. However, the threat of that cooperation is very real and necessitates a stay. If Mr. Dawson had to wait to try and discover this cooperation, it would likely already be too late.

Given the above, the presence of the State of Illinois and the Illinois Attorney General in the case necessitates a stay for the entire proceeding, not just as to Mr. Dawson. Even if discovery does not continue against Mr. Dawson, the State still may be able to use the civil discovery process to gather information in this matter from other Parties that it could not have gathered in its criminal case against Mr. Dawson.

(3) Posture of the Criminal Proceedings

The posture of the criminal proceedings also weighs in favor of a complete stay. Plaintiff again tries to bifurcate the analysis between the stay for Mr. Dawson and the stay for serving discovery on the remaining defendants. As laid out above, this discovery to be served by and among the other parties in this case could be harmful to Mr. Dawson's criminal case. Thus, the posture of the criminal proceedings weighs in favor of a blanket stay.

(4) Effect of a Stay on the Public Interest

Mr. Dawson acknowledges the public interest in prompt civil litigation but believes the court's statement in *Salcedo v. City of Chicago*, overrules that interest. No. 09-cv-05354, 2010 U.S. Dist. LEXIS 67991, at *8-9 (N.D. Ill. July 8, 2010) ("Although the Court recognizes the important public interest in swift resolution of civil matters, the Court concludes that the seriousness of the alleged criminal conduct militates in favor of a stay in this case.")

(5) Effect of a Stay on Plaintiffs' Interest

Mr. Dawson recognizes that the Plaintiffs have an interest in the expeditious resolution of their civil case but it does not outweigh the remainder of the factors that weigh in favor of a complete stay in proceedings.

Plaintiffs claim additional prejudice due the statute of limitations running against unknown individuals, however they provide no support for this argument.

(6) Burden Imposed by a Stay on the Defendants

Granting the tailored stay mentioned by Plaintiffs will still expand the rights of criminal discovery beyond their normal bounds and can otherwise prejudice Mr. Dawson. *See Jackson v. Boars Nest Bar & Grill, Inc.*, No. 18-3154, 2019 U.S. Dist. LEXIS 164050, at *5 (C.D. Ill. Sep. 25, 2019) (*citing Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir.

1980)). Plaintiffs seek to use the *Jackson* case against Mr. Dawson, but the makeup of the parties in that case make it inapposite to the case at bar. This is why Mr. Dawson used the generalized statements of law contained in *Jackson,* and not the *Jackson* Court's decision on the facts of the case before it. In *Jackson,* the two defendants were an individual – Fritz – and Boars Nest Bar and Grill – a business owned and managed by Fritz. *Id.* at *2. Most importantly, the government was not a party to the case, so there was no issue with the second factor. Further, since the only other defendant was a business owned and managed by the individual defendant, there was no issue with other defendants being prejudiced by having to defend themselves without being able to seek discovery from the individual whose conduct was central to all of the plaintiff's claims. So, the facts of *Jackson* are not nearly as applicable to the case at bar as the facts in *Doe v. City of Chicago* and several of the other cases cited above and in Mr. Dawson's Memorandum in Support of the Motion to Stay Proceedings.

## **CONCLUSION**

As laid out above, and more fully in prior briefing, the interests of justice dictate that a stay for all Parties be entered in this case, at least to the point when Mr. Dawson must respond to a complaint and all Parties have to respond to discovery requests.

                                                 CLAUSEN MILLER P.C.

By:   */s/ Brian J. Riordan*
        BRIAN J. RIORDAN (#6237969)
        CLAUSEN MILLER P.C.
        10 South LaSalle Street
        Chicago, Illinois 60603-1098
        Tel: 312-855-1010
        briordan@clausen.com
        Attorneys for Defendants
        James Dawson and Precise Specialties, Inc.

10789729.1

## CERTIFICATE OF SERVICE

I certify that on April 24, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to All Parties of Record.

        CLAUSEN MILLER P.C.

By: */s/ Brian J. Riordan*
BRIAN J. RIORDAN (#6237969)
CLAUSEN MILLER P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
Tel: 312-855-1010
Fax: 312-606-7777
briordan@clausen.com
Attorneys for Defendant James Dawson