# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **KESHAWN FREEMAN, et al.,** | |
| **Plaintiffs,** | |
| v. | Case No. 23-1423 |
| **JAMES DAWSON, et al.,** | |
| **Defendants.** | |

## ORDER

This case is before the Court on Defendants' Motion to Stay Proceedings (#52). Plaintiff filed a Response (#54) in opposition. With leave of Court, Defendants filed a Reply (#55). For the reasons provided below, Defendants' Motion to Stay (#52) is GRANTED.

"A court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c)." *Selective Ins. Co. of Am. v. Smiley Body Shop, Inc.*, 2016 WL 6277618, at *4 (S.D. Ind. Oct. 7, 2016). "The party seeking a stay has no absolute right to a stay; rather, that party 'bears the burden of proof to show that the Court should exercise its discretion in staying the case.'" *Id*.

When considering whether to stay a civil case with parallel criminal litigation, the Court considers the following factors:

> whether the civil and criminal matters involve the same subject; whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case; the posture of the criminal proceeding; the effect of granting or denying a stay on the public interest; the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and the burden that any particular aspect of the civil case may impose on defendants if a stay is denied.

*Chagolla v. City of Chicago*, 529 F.Supp.2d 941, 945 (N.D. Ill. 2008).

Defendants ask the Court to stay this case in its entirety, while Plaintiffs ask the Court to stay the case only as to Defendant James Dawson, the defendant in the parallel criminal case. Defendants note that at least five of the Plaintiffs in this case are victims in the related criminal case.

Considering the above factors, the Court finds that a stay as to all Defendants is appropriate. The alleged sexual assault by Defendant Dawson is central to both the civil and criminal case and is closely related to Plaintiffs' claims against the other Defendants. *See Doe v. City of Chicago*, 360 F.Supp.2d 880, 881 (N.D. Ill. 2005). The Court finds that any prejudice to Plaintiffs caused by the delay is outweighed by the risk to Defendant's Fifth Amended privilege and the inevitable disruption that proceeding forward without the central Defendant would cause.

For these reasons, Defendants' Motion to Stay (#52) is GRANTED. This case is stayed until the conclusion of Defendant Dawson's criminal case. The parties are directed to file a status report within 14 days of the conclusion of the criminal case.

ENTERED this 6th day of May, 2024.

                                                        s/ERIC I. LONG
                                      UNITED STATES MAGISTRATE JUDGE